THE MEMPHIS AND CINCINNATI PACKET COMPANY v. JOHN FOGARTY, ADM'R.

1. PROOF OF EXISTENCE OF CORPORATION.

Where one of the issues raised by the pleadings is whether the defendant was an incorporated company, the affidavit to the answer purporting to be made by the superintendent of the defendant, "a corporation," is not the best evidence of that fact, and was probably not admissible for that reason.

2. PRACTICE OF DENYING ALL AVERMENTS IN ADVERSARY'S PLEADING, SOME OF WHICH ARE KNOWN TO BE TRUE, CONDEMNED.

The interposition of a general denial to each and every allegation contained in the pleading of an adversary, when it is manifest that as to one or more of the allegations so denied, the person making the allegation to the truth thereof, actually knew at the time, or had good reason to know that such allegations were true, is a manifest evasion, or a direct violation of the letter and spirit of our law, which aims, by requiring pleadings to be sworn to, to prevent the rising of sham issues, or put the burden upon the adversary to offer proof on points as to which no real controversy exists. Such practice and pleading should be discouraged by the courts.

ERROR to the court of common pleas of Hamilton county.

SMITH, J.

In our judgment the verdict was manifestly against the weight of the evidence in several particulars. 1st. It was not shown that the shafting in question, the turning of which caused the injury to the plaintiff below, was originally placed upon the wharf by the defendant company, or if it was, that it was done in a negligent or improper manner. It was clearly shown that when it was unloaded from the boat of the company, it was placed at right angles to the river, instead of obliquely to it, which is the negligence complained of. 2d. But it further appears from the evidence, that after it was so placed upon the wharf, that owing to the rapid rise in the river, and the consequent danger to the wharf boat, the owners of the wharf boat, and not the defendant company, removed it from the spot where it had been placed, higher on the ground, and farther west. This was for the protection of the wharf boat and the evidence does not show any responsibity of the defendant therefor. 3d. But if it did, the great weight of the evidence is, that the shafting was again placed at right angles to the river,

and was properly secured, and that the shaft, at the time of the accident, was nearly covered with rising water, and the strong probability is, that it was caused to the boy by the surging of the wharf boat or the chains by which it was held against the shafting, this surging being caused by a high wind then blowing. So far as appears from the evidence, the boy had no call or cause to be on the shafting at the time, other than to get a favorable position from which to see what was going on, and there is nothing to show that the officers or servants of the defendant company knew he was there. And it would therefore seem that the injury to the lad was the result of accident, and was not brought about by the negligence of defendant.

We think substantial justice will be done by awarding a new trial, as it is apparent that on the hearing of the case in this court, questions of fact are presented, which were not considered at the trial of the case in the common pleas court.

Exception was taken by the defendant below to the ruling of the court on the admission of evidence. The petition of the plaintiff averred that the Memphis and Cincinnati Packet company was a corporation organized under the laws of Kentucky and doing business under the laws of Kentucky and Ohio, as a common carrier of freight and passengers on the Ohio river. The defendant, by its answer, denied each and all the allegations of the petition. At the trial the plaintiff introduced as a witness on his behalf, Captain Lindlay, who testified that he was the president of the Memphis and Cincinnati Packet company, and that Captain Wise was the superintendent of the company. He was then asked if it was a corporation. This was objected to by the defendant's counsel, and the objection was sustained. Plaintiff then offered in evidence the answer of the defendant in this case, the verification of which appears to have been made by R. W. Wise, who, in the affidavit to the answer, says, that he is the superintendent of the defendant, the Memphis and Cincinnati Packet company, a *corporation*, and that he believes the matters alleged in his foregoing answer to be true. This evidence was admitted to prove the averment that the defendant company was a corporation, and the defendant excepted to its admission.

We incline to the opinion that this was not the best evidence on this issue raised by the pleadings, and that it should not have been admitted. But we would hesitate a long time before we would reverse the judgment for any such reason, under the circumstances disclosed, even if it was insisted upon, and we think it was not. We speak of it only to express our disapprobation of a method of pleading too much resorted to in practice ; that is, the interposition of a general denial to each and every allegation of an adversary's pleading, and having it sworn to, when it is manifest and shown to be so at the trial, that as to many of such allegations so denied under oath, the person making such affirmation actually knew or had good reason to know at the time, that they were really true. This we think is a manifest evasion, or a direct violation of the letter and spirit of our statute, which is intended to prevent the rising of sham issues, and not to throw upon the party making an allegation the burden of proving it when, if a proper answer were filed, the fact alleged would be in terms admitted, or admitted by the failure to deny the same. We think that there should be a reform in this respect, and that the courts should assist in bringing it about.

But for the other reasons stated, the judgment in this case will be reversed, and a new trial awarded.

*Johnson & Levi* and *W. H. Jones,* for Plaintiff in Error.
*John W. Wolf* and *Col. Michie,* for Defendant in Error.